

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARY-LYNN P. JONES and PAUL M. JONES,

    Plaintiffs,

v.

LINDA DIXON, et al.,

    Defendants.

3:09-CV-00323-LRH-VPC

ORDER

    Before the court is Mark Daly's Notice of Derivative Petition and Verified Petition for Warrant of Removal and Request for Preliminary Injunction. (#1[1].) On June 22, 2009, Mark Daly filed a notice of removal, purporting to remove the present case from the Sixth Judicial District Court of Nevada. In his notice of removal, Daly asserts that removal is proper because the state court lacks jurisdiction, and therefore, this court must assert jurisdiction because "this Court is the only Court of proper jurisdiction to hear this matter." (Notice of Derivative Pet. (#1) ¶ 8.)

    In any case removed from state court, "[i]f . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(a), (c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is construed restrictively and in

---

[1]Refers to the court's docket entry number

favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

This case must be remanded to state court. As 28 U.S.C. § 1441(a) provides, only a defendant may remove a case to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). As noted by the Supreme Court when interpreting the 1887 Act concerning removal, Congress's limitation on the right of removal to defendants is jurisdictional. *Shamrock Oil*, 313 U.S. 100, 107-08 (1941); *see also Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005) (remanding a case removed by a nonparty for lack of jurisdiction).

According to the state-court complaint filed concurrently with Daly's notice of removal, the defendants in the state court action are Linda Dixon; Elafe, LLC; Commodis Corporation; and Core International Capital Corporation. Because Daly is not one these defendants, 28 U.S.C. § 1441(a) does not permit him to remove this case. Although the court is aware that Daly has designated himself as a "derivative petitioner" based upon his status as a shareholder of Commodis Corporation, 28 U.S.C. § 1441 does not authorize removal on that basis.

IT IS THEREFORE ORDERED that this case shall be REMANDED to the Sixth Judicial District Court of the State of Nevada, County of Humboldt.

IT IS SO ORDERED.

DATED this 9th day of July 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2